**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re

Patricia A Hartwig

                                     CHAPTER   13
                                     CASE NO.   6:17-bk-06539-CCJ

       Debtor(s)

_____/

**MOTION FOR DISBURSEMENT OF PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS WITH RESPECT TO CLAIM #1-1**

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST ("Creditor") moves the Court to order the Chapter 13 Trustee to disburse the adequate protection payments due and owing to Creditor on account of Secured Claim #1-1 and in support Creditor states as follows:

1. This case was filed on October 10, 2017.

2. Creditor holds a secured Claim # 1-1 in this case with respect to real property located at 100 S CENTER ROAD, SANFORD, FL 32771 ("Collateral"). The Proof of Claim sets forth a monthly payment in the amount of $1,103.25 and prepetition arrears in the amount of $112,707.48.

3. The Debtor's Chapter 13 Plan proposes a mortgage modification through this Court's MMM Program with respect to Creditor's Claim and proposes to pay adequate protection payments to Creditor in the amount of $636.43 for months 1-60.

4. The Debtor has not filed a MMM motion as of the date of this Motion.

5. To date, Creditor has not received any disbursements from the Chapter 13 Trustee because the Plan has not yet been confirmed (and is not ready to be confirmed) in this case. Creditor has not otherwise received any payments from the Debtor since this bankruptcy case was filed.

6. Creditor is entitled to pre-confirmation adequate protection payments for the Plan months that have accrued to date as well as ongoing monthly adequate protection payments thereafter.

7. Pursuant to Section 1326 of the Code, the Debtor is required to provide pre-confirmation adequate protection payments to secured creditors.

8.  In light of the Supreme Court's decision in *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015) Creditor should be entitled to regular adequate protection disbursements as the payments come due under the Plan. Creditor is currently at risk of receiving no adequate protection funds if this case were to be dismissed or converted prior to the Trustee disbursing the adequate protection payments upon confirmation, which may not occur for another several months.

9.  In such a scenario, the adequate protection payments would be rendered illusory and it would be patently unfair for the Debtor to reside in the Property and obtain the benefit of the automatic stay with no payments to Creditor.

10. Creditor should be entitled to disbursement of all funds currently in the possession of the Trustee that are earmarked for payment on Creditor's Claim as adequate protection payments as soon as is practicable. Creditor further requests ongoing disbursements of the adequate protection payments as they come due and are paid to the Chapter 13 Trustee, regardless of whether the Plan is confirmed or not.

WHEREFORE, Creditor prays that the Court enter an Order granting this Motion and permitting and directing the Trustee to disburse, as soon as practicable, all funds currently on hand that are earmarked for payment on Creditor's Claim as adequate protection well as ongoing adequate protection payments designated under the Plan as these are paid to the Chapter 13 Trustee.

/s/ Matt Holtsinger
Matt Holtsinger
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1465
Fax:    (813) 229-3323
mholtsinger@kasslaw.com
Florida Bar No. 092774

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on November 22, 2017, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 1001-2 to: Patricia A Hartwig, 100 South Center Road, Sanford, FL 32771; Marie S.M. Dickinson, Esq., 275 S Charles Richard Beall Blvd., Suite 103A, DeBary, FL 32713; Laurie K. Weatherford, Trustee P.O. Box 3450, Winter Park, FL 32790.

/s/ Matt Holtsinger
Matt Holtsinger (x1465)

1704252/mlh