UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re

Patricia A Hartwig

                                  CHAPTER   13
                                  CASE NO.   6:17-bk-06539-CCJ

      Debtor

_____/

**RESPONSE BY WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST TO DEBTOR(S)' SECOND MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN**

(DOC. NO. 60)

      WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST ("Creditor"), responds to the Second Motion to Modify Chapter 13 Plan (Doc. No. 60) filed by the Debtor[1] and states as follows:

      1.     Debtor filed the instant bankruptcy case on October 10, 2017.

      2.     Creditor holds secured Claim # 1-1 with respect to Real Property located at 100 S CENTER ROAD. SANFORD, FL 32771 ("Property") which is owned by the Debtor. The Proof of Claim reflects a total secured claim amount of $222,869.77 and pre-petition arrears in the amount of $112,707.48. Additionally, the current contractual monthly payment is $1,173.85 as reflected in the Notice of Mortgage Payment Change filed on October 15, 2018.

      3.     The Debtors' Confirmed Chapter 13 Plan (Doc. No. 15) proposes Mortgage Modification Mediation and adequate protection payments to Creditor in the amount of $636.43 for months 1-36 while the results of the Mediation are pending.

      4.     The parties attended Mediation in July, 2018 which resulted in no agreement being reached as reflected in the Final Mediation Report (Doc. No. 42).

---

[1] All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

5. On May 13, 2019, the Debtor filed the Second Motion to Modify which contained the following provision: "With respect to the final plan payment, the debtor requests a balloon payment in the amount of $100,000.00 to be paid to the secured creditor no later than 1 July 2020, Rushmore Loan Management Services, to satisfy Claim 1."

6. Creditor objects to the proposed Second Motion to Modify Plan and specifically the proposed balloon for the arrears. The Motion gives no explanation as to why the Debtor is again seeking to defer nearly 100% of the arrears toward the final month of the Plan[2]. Creditor submits that the proposed payment structure under the Modified Plan unreasonably delays payments of the arrears on the Claim and therefore runs afoul of Section 1322(b)(5).

7. Additionally, per the terms of the Order Confirming Plan (Doc. No. 35), based on the denial of a loan modification, the Debtor was required to filed a modified plan within fourteen (14) days following entry of the final mediator's report that cures and maintains according to Creditor's Proof of Claim. To date, no such modified plan has been filed and Creditor is still only receiving the 31% adequate protection payments.

8. While Section 1322(b)(5) gives the Debtor the right to cure arrears through a Plan, this Code Section explicitly requires that the arrears be cured within a reasonable amount of time.

9. Courts that have considered the issue have found that the determination of whether a proposed cure is reasonable is fact specific and must be made on a case by case basis. *In re Hickson*, 52 B.R. 11 (Bankr. S.D. Fla. 1985).

10. In the *Hickson* case, the Court looked at several factors to guide the analysis on whether a proposed cure was reasonable. These factors include the following:

> "1) the amount and reason for the arrearage; (2) the availability of the debtors' discretionary income to cure the default; (3) whether the debtors are putting forth their best effort to cure the default; (4) the ability of the debtors to meet the

---

[2] The Debtor previously filed an Amended Motion to Modify (Doc. No. 52) seeking to defer $100,000 of arrears. The Debtor's Motion was denied on April 26, 2019 (Doc. No. 58).

obligations of their plan and to continue current payments on their installment obligations." *Id* at 13 citing to *In re Acevedo*, 9 B.R. 852 (Bankr. E.D.N.Y. 1981)

11. In applying those factors to this particular case, it is clear that the proposed cure is unreasonable. The default is sizeable at $112,707.48 in pre-petition arrears alone which amounts to over nine (9) years of missed payments.

12. The Debtor has little discretionary income, in which to cure the default, after accounting for plan payment and allowable expenses. This further proves that it is simply not possible for the Debtor to propose a confirmable plan which would involve the Debtors retaining the Property. The purpose of modifying the Plan is to try delay the inevitable and retain the Property with minimal payments to Creditor until the final month of the Plan.

13. With respect to the last factor discussed in the *Hickson* case, the Debtor will not be able to perform under this Chapter 13 Plan with respect to either payment of either the ongoing monthly payments or the curing of the arrears. The Debtor has not provided any evidence that it will be feasible to make the $112,707.48 balloon payment. It is the Debtor's burden to demonstrate feasibility.

14. Recently, Judge Isicoff and Judge Mark out of the Southern District of Florida considered whether to allow a Debtor to provide for arrears through a balloon payment. In an opinion entered June 29, 2018, the Court held that a balloon payment for a secured mortgage claim in the final month of a Chapter 13 plan is considered a "periodic payment", and, as such, violates the requirement under the Bankruptcy Code that periodic payments be in equal monthly amounts. *In re Benedicto*, Case No. 15-28671-RAM and *In re Del Carmen Gonzalez*, Case No.14-20339-LMI..

15 For the reasons stated above, the proposed Second Motion to Modify cannot be confirmed as its terms violate Section 1322(b)(5) and Section 1325(a)(6) of the Code.

WHEREFORE, Creditor prays for the entry of an appropriate order denying the Debtor's Motion to Modify Plan as proposed and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain provisions to which this Response is directed.

/s/ Jessica Hicks
Jessica Hicks
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1465
Fax:    (813) 229-3323
jhicks@kasslaw.com
Florida Bar No. 1003462

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on June 3, 2019, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 1001-2 to: Patricia A Hartwig, 100 South Center Road , Sanford, FL 32771; Marie S.M. Dickinson 187 Ramblewood Drive, DeBary, FL 32713; Laurie K. Weatherford, Trustee P.O. Box 3450, Winter Park, FL 32790.

/s/ Jessica Hicks
Jessica Hicks (x1465)

1704252/mb