**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re

Patricia A Hartwig

                                  CHAPTER    13
                                  CASE NO.    6:17-bk-06539-CCJ

        Debtor(s)
_____/

**MOTION FOR ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY FILED BY WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST REGARDING REAL PROPERTY**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party-in-interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100 Orlando, FL 32801 and serve a copy on the movant's attorney (Jessica Hicks, Kass Shuler, P.A., P.O. Box 800, Tampa, Florida 33601), and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST ("Creditor"), pursuant to §362(j) of the Bankruptcy Code, hereby moves this Court for entry of an order confirming termination of the automatic stay with respect to Real Property described below as to the bankruptcy estate and as to the Debtor(s). In support, Creditor states as follows:

    1.    For value received, the Debtor(s) executed and delivered a Promissory Note ("Note") as evidence of indebtedness to Creditor.

    2.    The Debtor executed and delivered a Mortgage to Creditor securing said indebtedness

with the following property: **REAL PROPERTY LOCATED: 100 S CENTER ROAD SANFORD, FL 32771, LEGALLY DESCRIBED AS: LOT(S) 4, 5, AND 6, BLOCK 3, ALDARENE PARK, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 4, PAGE(S) 90, OF THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.** ("Collateral").

3. Movant is entitled to enforce the Note and Mortgage. Copies of the relevant loan document(s) are attached hereto as Exhibit "1" & "2".

4. The Debtor(s) defaulted under the terms of the Note and/or Mortgage with Creditor by failing to do the following: make all payments when due.

5. On December 14, 2017, Debtor filed a Motion For Referral To Mortgage Modification Mediation (Doc No. 21) and the Order was entered December 15, 2017 (Doc No. 22).

6. The Chapter 13 Plan proposes a mortgage modification and an interim adequate protection payment to Creditor in the amount of $636.43 for months 1-36. The Plan was confirmed on April 5, 2018. The Order Confirming Chapter 13 Plan (Doc. No. 35) provides in pertinent part that:

> "THE PLAN PROPOSES A MODIFIED PAYMENT TO THE CREDITOR. FOURTEEN (14) DAYS FOLLOWING THE FILING OF THE MEDIATORS REPORT THE DEBTOR SHALL EITHER MODIFY TO PAY THIS CLAIM AS FILED, OR MODIFY TO PAY THE MODIFIED MORTGAGE PAYMENT IF DIFFERENT THAN WHAT IS BEING PAID UNDER THE PLAN. IF NEITHER IS DONE, RELIEF FROM THE AUTOMATIC STAY IS GRANTED TO CREDITOR WITHOUT FURTHER HEARING."

7. Creditor and the Debtor were ordered to Mediation and attended same. Creditor mediated in good faith and reviewed the Debtor for loan modification options in accordance with the Mediation Order. The Mediation concluded in an impasse and no agreement was reached between the parties as indicated in the Report to the Court on Mediation Conference (Doc. No. 42) which was filed on July 30, 2018.

8. Pursuant to the Order Confirming Plan, the Debtor had 14 days from the date of the filing of the Final Mediator's Report to file a Modified Plan conforming to Creditor's Proof of

Claim # 1-1. To date, more than twelve (12) months have passed since the filing of the Mediator's Final Report and a Motion to Modify Plan has not been filed which conforms to Creditor's Proof Claim.

9. Creditor is filing this Motion in an abundance of caution to ensure that it has complete relief from the automatic stay and to confirm that the stay was terminated per the Order Confirming Plan. Creditor is simultaneously filing a Motion for Relief From the Codebtor Stay as to the Codebtor's interest in the Property, to the extent the Codebtor stay remains in effect.

WHEREFORE, Creditor prays that this Motion be granted and the Court enter an order pursuant to 11 U.S.C. §362(j) determining that the automatic stay has terminated with respect to the Debtor and to the estate as to the Collateral

/s/ Jessica Hicks
Jessica Hicks
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1465
Fax:    (813) 229-3323
jhicks@kasslaw.com
Florida Bar No. 1003462

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on July 31, 2019, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 1001-2 to: Patricia A Hartwig, 100 South Center Road, Sanford, FL 32771; Marie S.M. Dickinson 187 Ramblewood Drive, DeBary, FL 32713; Laurie K. Weatherford, Trustee P.O. Box 3450, Winter Park, FL 32790.

/s/ Jessica Hicks
Jessica Hicks (x1465)

1704252/mb